BLACKWELL *v.* HEARD.

4-8236                                    204 S. W. 2d 790

Opinion delivered October 13, 1947.

*Wm. T. Mills, Jr., Wm. T. Mills* and *J. F. Koone,* for appellant.

GRIFFIN SMITH, Chief Justice. John Blackwell sought to subject certain lands to the payment of his judgment against Mitchell Heard. The appeal is from a decree quieting title in Homer Steen, who intervened.

The lands involved embrace 410 acres, all but eighty having been owned by John C. Heard. The west half of the northwest quarter of section fifteen, township fourteen north, range sixteen west, was on September 26, 1938, conveyed by Muriel Redman to John C. Heard and Florence Heard, who were husband and wife.

John C. Heard died prior to 1944. His two sons, Mitchell and John K., were sole heirs. Florence Heard died May 26, 1944. Neither parent had undertaken to alienate the property.

In 1930 Mitchell Heard became indebted to Blackwell, who on February 6, 1944, obtained judgment for the balance of $168.

January 1, 1944, Mitchell Heard[1] quitclaimed to his two daughters, Brooxie Nell Karns and Helen Henrietta Heard. The deed was not recorded until September 14, 1945. The conveyance purported to cover 410 acres, the ineffectual description "Pt." having been used in three instances.

July 1, 1944, Mitchell and John K. undertook to convey by warranty deed all of the 410 acres. The grantee was Dewey Elmer Treece, who later sold to Steen. The Mitchell-Treece deed was recorded January 13, 1945.

It is contended (a) that the Court erred in finding that Mitchell Heard's conveyance to his two daughters

---

[1] The wife of each man whose conveyance is involved joined in the deed, but for the sake of brevity their names are omitted from this opinion.

was not a fraud upon Blackwell as a creditor; (b) even though this transaction were otherwise valid, the grantor did not at that time have any interest in the west half of the northwest quarter of section fifteen, and the quit-claim deed did not carry an after-acquired title;[2] (c) title to the tracts described as "pt." could not be quieted.

The Chancellor's determination that Mitchell Heard's conveyance to his daughters was not fraudulent must be sustained. There is an inference of insolvency, but that is not enough. Five dollars "and other valuable considerations" were recited in the deed. There was testimony that the daughters engaged to care for their grandmother who suffered from cancer, and this they did. They also offered to substitute their deed for their father's in favor of Treece. Treece—who did not testify—alleged in his answer and cross-complaint that he purchased in good faith without notice and paid $1,500 for the properties. There is no testimony that he knew of the unrecorded deed. It follows that as to Brooxie Nell Karns and Helen Henrietta Heard the Treece title was superior.

Muriel Redman's deed of 1938 vested in John C. and Florence Heard an estate by the entirety. When John C. died title to the eighty acres was absolute in the survivor, but when the wife died in May 1944 Mitchell and John K. each inherited a half interest. But the judgment procured by Blackwell became a lien in respect of Mitchell's undivided half. When Treece took under his deed in July, following the death of Florence Heard in May, Mitchell's interest was charged with Blackwell's judgment lien; nor was it in any manner affected by the deed from Treece to Steen.

The Court had a right to correct the three descriptions in order that the land actually owned by John C. Heard would be identified. Appellant cannot complain of this. He did not contend that other lands were intended, hence clarification would have been to his advantage had he prevailed as to the three tracts aggregating 330 acres.

[2] See *Graham* v. *Quarles*, 206 Ark. 542, 176 S. W. 2d 703.

The decree in result is affirmed in all matters other than the holding that Steen's title to the eighty acres be quieted. In this respect it is modified. A lien is recognized on the undivided half interest acquired by Mitchell Heard. The cause is remanded with directions that the property be sold for purposes consistent with this opinion and at a time to be ordered by Chancery Court, unless the debt in Blackwell's favor be paid.